IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 18-54741 |
| Tamisha Shakira Cawthon, | ) | CHAPTER 7 |
| Debtor. | ) | JUDGE WENDY L. HAGENAU |
| | ) | |
| | ) | |
| R&R Express, Inc., | ) | ADVERSARY PROCEEDING |
| Plaintiff | ) | CASE NO. _18-05138_____ |
| vs. | ) | |
| Tamisha Shakira Cawthon, | ) | |
| Defendant/Respondent. | ) | |

## RESPONSE TO COMPLANT AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

COMES NOW Tamisha Shakira Cawthon ("Defendant/Respondent") in the above-styled action, and through her counsel, King & King Law LLC, makes her Answer and Defenses to Plaintiff's Complaint to Determine Dischargeability of Debt ("Complaint") and Motion to Dismiss for Failure to State a Claim, and respectfully represents the following:

## ANSWERS

1.

Admitted in part and denied in part. Mrs. Cawthon admits to the extent that the allegation describes her as a contract dispatcher for Plaintiff. The allegation that Mrs. Cawthon was responsible for the collection and remittance of payment to Plaintiff is denied (See Exhibit A - Contract for Services).

2.

Admitted to the extent that two judgments against Mrs. Cawthon were obtained; one by a Complaint in Confession of Judgement and the other judgement was granted by default.

Mrs. Cawthon denies that these judgments were obtained due to fraudulent conduct (See Exhibit

B - Complaint in Confession of Judgment Case No. GD 16-15843 and Exhibit C - Complaint

Case No. AR 16-3543).

3.

Mrs. Cawthon lacks sufficient knowledge to admit or deny the allegation.  She did

not receive service of the deposition.

4.

Admitted.

5.

Mrs. Cawthon lacks sufficient knowledge to admit or deny the allegation.

6.

Admitted.

7.

Admitted in part and denied in part. Mrs. Cawthon attended the deposition but denies

that she did not produce the records sought.

8.

Admitted.

9.

9-1) Admitted. Mrs. Cawthon closed the account with Regions in approximately July,

2016, over a year prior to the filing of her Chapter 13 bankruptcy case. The account would not

be disclosed on the Statement of Financial Affairs, Part 8: Line item 20. Additionally, the

account would not have been disclosed on Official Form 106A/B, Schedule A/B Property as Ms.

Cawthon no longer has the account.

9-2) Admitted in part. There is a clerical error on the Statement of Financial Affairs

Part 1, number 1. However, Debtor's Official Form 1060, Schedule I, references her non-filing

spouse, his employment, and his income (See Exhibit D - Official Form 106I - Schedule I: Your

Income).

9-3) Admitted to the extent that the allegation lists the vehicles disclosed on Official

Form 106A/B, Schedule A/B Property. Denies the allegation to the extent that it suggests that

there are undisclosed vehicles. Debtor discloses the Harley Davidson Sportster to which Plaintiff

refers on Schedule H as the nature of the agreement was an auto lease (See Exhibit E - Official

Form 106G - Schedule G: Executory Contracts and Unexpired Leases).Debtor is not in

possession of any other vehicles.

9-4) Admitted to the extent that the schedules reflect that Mrs. Cawthon has been

employed as a 1099 contract on and off since 2010. Debtor currently lacks sufficient information

to admit or deny the portion of the allegation regarding testimony during the deposition.

10.

Mrs. Cawthon is unable to admit or deny the allegation. It is unclear what

information in Mrs. Cawthon's schedules conflicts with statements made at her 341 meeting of

creditors. To the extent a response is required, the allegation is denied.

11.

Mrs. Cawthon states that the allegations contained in paragraph 11 constitute

conclusions as to which no response is required. To the extent a response is required, Mrs.

Cawthon denies the allegation.

## I. DENIAL OF DISCHARGE UNDER 11 U.S.C. § 523(A)(2)

Mrs. Cawthon incorporates each and every answer and defense made in paragraphs 1-11

above, as if fully set forth herein.

12.

Mrs. Cawthon states that the allegations contained in paragraph 12 constitute legal
conclusions

as to which no response is required.

13.

Denied. Mrs. Cawthon was not responsible for accounts receivable and invoicing. Her
duties

were limited to recruiting drivers for Plaintiffs. (See Exhibit A - Contract for Services Page 2
Line item 5.)

14.

Denied.

15.

Mrs. Cawthon states that the allegations contained in paragraph 16 constitute conclusions

as to which no response is required. To the extent a response is required, Msr. Cawthon denies

the allegation.

## II. DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C § 523(A)(4)

Mrs. Cawthon incorporates each and every answer and defense made in paragraphs 1-15

above, as if fully set forth herein.

16.

Mrs. Cawthon states that the allegations contained in paragraph 16 constitute legal

conclusions as to which no response is required.

17.

Denied. R & R Express, Inc. was solely responsible for account receivables (See Exhibit A - Contract for Services Page 2 Line item 5).

18.

Mrs. Cawthon states that the allegations contained in paragraph 18 constitute legal conclusions as to which no response is required. To the extend that a response is required, Mrs. Cawthon denies the allegation.

19.

Mrs. Cawthon states that the allegations contained in paragraph 19 constitute legal conclusions as to which no response is required. To the extend that a response is required, Mrs. Cawthon denies the allegation.

## III. DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C § 727(a)(2)(A)

Mrs. Cawthon incorporates each and every answer and defense made in paragraphs 1-19 above, as if fully set forth herein.

20.

Mrs. Cawthon states that the allegations contained in paragraph 20 constitute legal conclusions as to which no response is required.

21.

Mrs. Cawthon states that the allegations contained in paragraph 21 constitute legal conclusions as to which no response is required.

22.

Mrs. Cawthon states that the allegations contained in paragraph 22 constitute legal conclusions as to which no response is required. To the extent that a response is required, Ms. Cawthon denies the allegation.

23.

Mrs. Cawthon states that the allegations contained in paragraph 23 constitute legal conclusions as to which no response is required. To the extent that a response is required, Ms. Cawthon denies the allegation.

## IV. DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C § 727(a)(4)

Mrs. Cawthon incorporates each and every answer and defense made in paragraphs 1-23 above, as if fully set forth herein.

24.

Mrs. Cawthon states that the allegations contained in paragraph 24 constitute legal conclusions as to which no response is required. To the extent that a response is required, Ms. Cawthon denies the allegation.

25.

Mrs. Cawthon states that the allegations contained in paragraph 25 constitute legal conclusions as to which no response is required.

26.

Mrs. Cawthon states that the allegations contained in paragraph 26 constitute legal conclusions as to which no response is required.

27.

27-1) Admitted. Mrs. Cawthon closed the account with Regions in approximately July, 2016, over a year prior to the filing of her Chapter 13 bankruptcy case. The account would not appropriately disclosed on the Statement of Financial Affairs, Part 8: Line item 20. Additionally, the account would not have been disclosed on Official Form 106A/B, Schedule A/B Property as Ms. Cawthon no longer has the account.

27-2) Admitted in part. There is a clerical error on the Statement of Financial Affairs Part 1, number 1. However, Debtor's Official Form 1060, Schedule I, references her non-filing spouse, his employment, and his income.

27-3) Admitted to the extent that the allegation lists the vehicles disclosed on Office Form 106A/B, Schedule A/B Property. Denies the allegation to the extent that it suggests the there are undisclosed vehicles. Debtor discloses the Harley Davidson Sportster to which Plaintiff refers on Schedule H as the nature of the agreement was an auto lease. Debtor is not in possession of any other vehicles.

27-4) Admitted to the extent that the schedules reflect that Mrs. Cawthon has been employed as a 1099 contract on and off since 2010. Debtor currently lacks sufficient information to admit or deny the portion of the allegation regarding testimony during the deposition.

28.

Mrs. Cawthon is unable to admit or deny the allegation. It is unclear what information in Mrs. Cawthon's schedules conflicts with statements made at her 341 meeting of creditors. To the extent a response is required, the allegation is denied.

## DEFENSES AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 9(B) AND 12(B) INCORPORATED HEREIN THROUGH FEDERAL RULES OF BANKRUPTCY PROCEDURE 7009 AND 7012(b)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding through Federal Rule of Bankrupty Procedure 7012, a complaint should be dismissed if it "fails to state a claim upon which relief can be granted." Additionally, Federal Rule of Civil Procedure 8(a)(2), made applicable to this proceeding through Federal Rules of Bankruptcy

Procedure 7009 states, " A pleading that states a claim for relief must contain, a short plan

statement of the claim showing that the pleader is entitled to relief".

COUNT 1. COMPLAINT FAILS TO STATE WITH PARTICULARITY THE CONDUCT
AND/OR MATERIAL MISSTATEMENTS TAKEN BY MRS. CAWTHON TO DECEIVE OR
DEFRAUD PLAINTIFF

Plaintiff has failed to state with particularity the specific facts and circumstances

constituting a claim upon which relief can be granted as required by Rule 9(b) of the Federal

Rules of Civil Procedure, made applicable to this proceeding by Rule 7009 of the Federal rules

of Bankruptcy Procedure. To sufficiently state a claim for non-dischargeability, a Plaintiff must

show (1) the debtor made a false representation to deceive the creditor, (2) the creditor relied on

the misrepresentation, (3) the reliance was justified, and (4) the plaintiff sustained a loss as a

result of the misrepresentation. *Wells Fargo Bank,N.A.v. Farmery (In re Farmery)*, 2014 Bankr.

LEXIS 2865 (Bankr. N.D.Ga. 2014); *Ga United Credit Union v. Ortiz (In re Ortiz),* 2014 Bankr.

LEXIS 3922 (Bankr. N.D. Ga. 2014); *Old Republic Nat'l Title Ins.Co. v. Presley (In re Presley),*

490 B.R. 633, 638 (Bankr. N.D. Ga. 2013).

In addition to pleading the general nature of a claim and injuries, Plaintiffs must plead

with specificity the nature and timeframe of the injury. *In re Int'l Mgmt. Associates, LLC* , 2007

WL 7141787, 2 (Bankr. N.D. Ga. 2007). A pleading is sufficient where the complaint sets forth,

with precision, the misrepresentations and/or actions taken by the defendant to deceive or

defraud, the time and place of the same, the content of such statements and/or actions which

misled or caused reliance of the plaintiff, the loss to the plaintiff, and the benefit obtained by the

defendant as a consequence of the fraud and/or misrepresentation. *FIA Card Svcs. N.A. v.*

*Morrow (In re Morrow)* 488 B.R. 471, 476 (Bankr.N.D. Ga. 2012). It is the purpose of Rule 9(b)

pleading requirements to protect defendants against spurious charges of immoral and fraudulent

behavior. *Kipperman v. Onex Corp.,* 2007 WL 2872463, 6 (N.D. Ga. 2007).

Plaintiff entered into a contract with Mrs. Cawthon whereby Mrs. Cawthon acted as a dispatcher for Plaintiff. She assisted Plaintiff in procuring freight accounts and dispatched drivers for those accounts.  Per the contract, which Plaintiff provided as an exhibit in its initial complaint in Court of Common Pleas of Allegheny County, Pennsylvania, Plaintiff was responsible for all accounts receivable and invoicing. (See Exhibit A - Contract for Services - Page 2, Line Item 5). Payments on all accounts in which Mrs. Cawthon acted as a dispatcher were paid directly to Plaintiff by the third-party company. Plaintiff would then pay Mrs. Cawthon her commission on those accounts.

Plaintiff's allegations that suggest that Mrs. Cawthon received funds on these accounts and absconded with money are false and in direct contradiction to the agreement between the parties per their contract for services which was included as an exhibit in the underlying lawsuit. Additionally, it is worth noting that Plaintiff did not did not allege fraud in the underlying causes of action. They merely filed a Complaint in Confession of Judgment and were granted an Order on the same.  The second lawsuit was granted by default. There were no actual findings of fact  nor were there allegations of fraud or misrepresentations.  Plaintiff, in its original complaint alleges that Mrs. Cawthon owed it money due to "operating deficits, erroneous invoicing, and accrued costs" (See Exhibit B -Complaint No. AR16-3543).  Per its own contract for services, Plaintiff is solely responsible for accounts receivable and invoicing.

Plaintiff has not plead with specificity the actions taken by Mrs. Cawthon to defraud or deceive. In its allegations, Plaintiff mistakes several facts regarding the information in Mrs. Cawthon's schedules. Additionally, Plaintiff simply states legal conclusions as fact instead of providing specific conduct and/or statements made by Mrs. Cawthon which could be interpreted

as material misrepresentations of fact. Additionally, and possibly most importantly, Plaintiff has

failed to assert that their reliance on Mrs. Cawthon's actions, the specifics of which were not

conveyed, were reasonable in light of the written agreement between the parties. For the

foregoing reasons, Count I should be dismissed for failure to state a claim upon which relief can

be granted.

## COUNT II. PLAINTIFF HAS FAILED TO ESTABLISH THAT MRS. CAWTHON WAS ACTING IN A FIDUCIARY CAPACITY

11 U.S.C.§ 523(A)(4) excepts from discharge "fraud or defalcation while acting in a

fiduciary capacity, embezzlement, or larceny". Plaintiff alleges that Mrs. Cawthon failed to remit

payment to Plaintiff pursuant to their contractual agreement; however, their contractual

agreement directly contradicts this statement. Plaintiff was in fact responsible for collection on

all accounts receivable as well as for invoicing. In support of its position Plaintiff states general

opinions as legal conclusions of fact. Plaintiff does not provide specific information regarding

the funds that it allegedly "entrusted" to Mrs. Cawthon nor does it provide insight as to why she

was entrusted with these funds. The complaint is devoid of any facts to support a finding that

Mrs. Cawthon was acting in a fiduciary capacity. For the foregoing reasons, Count II of the

complaint should be dismissed for failure to state a claim.

## COUNT III. PLAINTIFF FAILS TO ALLEGE FACTS REGARDING ACTIONS TAKEN BY DEBTOR WITHIN 12 MONTHS PRIOR TO THE FILING

There are four requisite elements in order to state a claim under 11 U.S.C §

727(a)(2)(A) "1) the act complained of was done within one year prior to the date the petition

was filed, (2) with actual intent to hinder, delay, or defraud a creditor, (3) that the act was that

of the debtor, and (4) that the act consisted of transferring, removing, destroying, or concealing

any of the debtor's property." *Jennings v. Maxfield  (In re Jennings),* 533 F.3d 1333, 1339 (11[th]

Cir. 2008).

Plaintiff does not allege any specific acts taken by Mrs. Cawthon within the 12 months

prior to the filing of her bankruptcy case that were taken in an attempt to hinder, delay, or

defraud the creditor. Instead, Plaintiff simply restates the elements that are necessary to prove

the allegation.  Consequently, Mrs. Cawthon requests that Count III of the complaint be

dismissed.

## COUNT IV. IN ORDER TO STATE A CLAIM UNDER 11 U.S.C. § 727(a)(4) DEBTOR MUST HAVE MADE A FALSE STATEMENT WHICH WAS BOTH FRAUDULENT AND MATERIAL

"Plaintiffs must allege sufficient facts to show Defendant made false oath in connection

with the case that was fraudulent and material. *Bank of Am. V. Seligman (In re Seligman),* 478

B.R. 497, 504 (Bankr N.D. Ga 2012) citing *Swicegood v. Ginn,* 924 F. 2d. 230, 232 (11th Cir.

1991).  " In order for an omission to be the basis for a case under  727 (a)(4)(A), there must be a

findingof actual intent to defraud on the part of the Debtor. *EPIC Aviation, LLC v. Phillips (In re*

*Phillips)* , 418 B.R. 445, 464, citing *In re Cutignola,* 87 B.R. at 706.

In support of Count IV Plaintiff vaguely asserts that Mrs. Cawthon "referred" to a

checking and savings account at Regions bank but does not allege that she has or even recently

had an active account with Regions Bank.  Plaintiff also fails to notice that the one of the

vehicles they allege was not disclosed is in fact disclosed as a lease on the petition. Mrs.

Cawthon has 4 vehicles currently titled in her name and in her possession, all of which are

disclosed in the petition. Finally, Plaintiff asserts that Mrs. Cawthon's disclosure of her current

income and employment in the petition conflicts with information provided at her deposition.

Mrs. Cawthon was as candid as possible with the disclose of her financial condition. She has worked on and off for Gilco for several years. Mrs. Cawthon's disclosure of this income was exactly what the bankruptcy rules require. She disclosed the income despite its inconsistency. Alternatively, the failure to disclose income in schedules would be the type of material misstatement which would except a claim from discharge. The alleged misstatements are partially due to clerical errors or incorrect or incomplete reading of the bankruptcy schedules. There are no specific allegations regarding fraudulent intent in Plaintiff's complaint. As such, Mrs. Cawthon requests that Count IV of the complaint be dismissed.

WHEREFORE, Debtor respectfully requests:

(a) That Plaintiff's Complaint be dismissed;

(b) That Plaintiff's request for exception from discharge under 11

U.S.C. 523(a)(2) and 523(a)(4), 727(a)(2), and 727(a)(4) be denied

(c) That Plaintiff's request for the award of legal fees and costs be

denied;

(d) That Plaintiff's request for non-dischargeability under sections of

11 U.S.C. 727(a)(2) and 727(a)(4) be denied; and

(e) That this Court grants such further relief as it deems just and

proper.



Respectfully submitted,
KING & KING LAW LLC

/s/ _____
Alaina C. Joseph
Attorney for Debtor/Respondent
GA Bar No. 940583
215 Pryor St. SW
Atlanta GA 30303
(404) 524-6400
notices@kingkingllc.com

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 18-54741 |
| Tamisha Shakira Cawthon, | ) | CHAPTER 7 |
| Debtor. | ) | JUDGE WENDY L. HAGENAU |
| | ) | |
| | ) | |
| R&R Express, Inc., | ) | ADVERSARY PROCEEDING |
| Plaintiff | ) | CASE NO. _18-05138_____ |
| vs. | ) | |
| Tamisha Shakira Cawthon, | ) | |
| Defendant/Respondent. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that I am more than 18 years of age, and that on this day I served a copy of the within "Motion for Default Judgment" upon the following parties or one of their duly authorized agents by depositing a copy of same in U.S. Mail with sufficient postage affixed thereon to ensure delivery to:


Tamisha Shakira Cawthon
1279 McAllister Drive
Locust Grove, GA  30248

R& R Express Inc.
Orion G. Webb
Grant E. McBride
Warren Tillery
Smith, Welch, Webb & White LLC
280 Country Club Drive
Suite 300
Stockbridge, GA 30281

Neil C. Gordon
Chapter 7Trustee
171 17th Street, #2100
Atlanta, GA 30363

This 26th day of July, 2018.

By__/s/_____
Alaina C. Joseph
Attorney for Debtor/Respondent
GA Bar No. 940583
215 Pryor St. SW
Atlanta GA 30303
(404) 524-6400
notices@kingkingllc.com