**IT IS ORDERED as set forth below:**



Date: December 6, 2018

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 18-54741-WLH |
| TAMISHA SHAKIRA CAWTHON, | CHAPTER 7 |
| Debtor. | |
| R & R EXPRESS, INC., | ADVERSARY PROCEEDING NO. 18-5138-WLH |
| Plaintiff, | |
| v. | |
| TAMISHA SHAKIRA CAWTHON, | |
| Defendant. | |

1

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

**THIS MATTER** is before the Court on Defendant's Renewed Motion to Dismiss (the "Motion") (Doc. No. 8). This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I) and (J), and the Court has jurisdiction over the proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

### I.   FACTS

Plaintiff, a transportation company, hired Defendant as a contract dispatcher. Plaintiff contacted Defendant when it needed a truck to deliver freight in and around Georgia. Defendant would then find a driver to complete the route. Plaintiff would invoice the customer for payment. Plaintiff alleges Defendant collected and kept payments from customers.

More specifically, Plaintiff alleges Defendant represented to customers that they were to pay her, rather than Plaintiff, and she would remit the payments to Plaintiff. Plaintiff alleges Defendant represented to a customer, Swift Logistics, that it was to pay her rather than Plaintiff, and Swift Logistics paid Defendant $551.82 on June 17, 2015 under false pretenses that she was accepting the payment on Plaintiff's behalf. Plaintiff alleges Defendant never submitted the funds to it. Plaintiff alleges Defendant received several other payments, in the amounts of $409.50, $409.50, $409.50, $461.10, $409.50, and $409.50, under similar pretenses and never submitted the payments to Plaintiff. Plaintiff states Defendant also intercepted a payment on February 23, 2015 for $343.00.

Plaintiff filed a complaint in the Court of Common Pleas of Allegheny County, Pennsylvania and obtained a judgment against Defendant in the amount of $78,488.62. Plaintiff domesticated the judgment in Georgia. Plaintiff filed a second action in the Court of Common Pleas of Allegheny County, Pennsylvania and obtained a judgment against Defendant for $26,732.91; it was also domesticated in Georgia.

2

Defendant filed a petition under chapter 7 of the Bankruptcy Code on March 20, 2018. Defendant stated on Schedule A/B she held checking and savings accounts with Navy Federal Credit Union and Delta Community Credit Union. On Schedule D, Defendant listed three vehicles subject to secured claims: a 2016 BMW 740i, a 2008 Harley Davidson motorcycle, and a 2013 BMW X5; on Schedule G she listed a Harley Davidson Sportster subject to an auto lease. On her Statement of Financial Affairs, Official Form 107, Defendant stated she was not married. On Schedule I, Defendant stated she was employed by Gilco Trucking as a dispatcher for approximately six years.

Plaintiff filed a complaint on June 25, 2018 seeking a determination a debt owed to it by Defendant is nondischargeable pursuant to sections 523(a)(2) and 523(a)(4) of the Bankruptcy Code and to deny Defendant a discharge pursuant to section 727(a)(2) and 727(a)(4) of the Bankruptcy Code. Defendant answered and moved to dismiss the complaint. Plaintiff then filed an Amended Complaint. Thereafter, Defendant filed the Motion. For the reasons stated below, the Court grants the Motion in part and denies the Motion in part.

## II.    MOTION TO DISMISS STANDARD

Defendant seeks dismissal of the Amended Complaint pursuant to Federal Rule of Bankruptcy Procedure 12(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 7012, for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007)). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference the defendant is liable for the conduct alleged. Id.

3

While the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," Iqbal, 556 U.S. at 678, the purpose of a motion to dismiss is not to resolve disputed facts or decide the merits of a case. Rather, the purpose of a motion to dismiss is to ensure the plaintiff has provided notice of the grounds which entitle him to relief. Twombly, 550 U.S. at 561. The facts alleged must be taken as true, and dismissal is inappropriate merely because it appears unlikely the plaintiff can prove those facts or will ultimately prevail on the merits. Official Comm. of Unsecured Creditors of Tousa, Inc. v. Technical Olympic, S.A. (In re Tousa), 437 B.R. 447, 452 (Bankr. S.D. Fla. 2010) (citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).

### III. DISCUSSION

#### a. Plaintiff has alleged facts to support a plausible claim under § 523(a)(2)(A)

Plaintiff contends Defendant's debt should be deemed nondischargeable pursuant to section 523(a)(2)(A) because it was incurred under false pretenses.

A presumption exists all debts owed by the debtor are dischargeable unless the party contending otherwise proves nondischargeability. 11 U.S.C. § 727(b). The purpose of this "fresh start" is to protect the "honest but unfortunate" debtors. U.S. v. Fretz (In re Fretz), 244 F.3d 1323, 1326 (11th Cir. 2001). The burden is on the creditor to prove an exception to discharge by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 287-88 (1991); St. Laurent v. Ambrose (In re St. Laurent), 991 F.2d 672, 680 (11th Cir. 1993). Courts should narrowly construe exceptions to discharge against the creditor and in favor of the debtor. Equitable Bank v. Miller (In re Miller), 39 F.3d 301 (11th Cir. 1994); St. Laurent, 991 F.2d at 680.

Section 523(a)(2)(A) excludes from discharge debts obtained through "false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). False pretenses is defined as "[A]

series of events, activities or communications which, when considered collectively, create a false and misleading set of circumstances, or false and misleading understanding of a transaction, in which a creditor is wrongfully induced by the debtor to transfer property or extend credit to the debtor. . . . A false pretense is usually, but not always, the product of multiple events, acts or representations undertaken by a debtor which purposely create a contrived and misleading understanding of a transaction that, in turn, wrongfully induces the creditor to extend credit to the debtor. A 'false pretense' is established or fostered willfully, knowingly and by design; it is not the result of inadvertence." ColeMichael Invs., L.L.C. v. Burke (In re Burke), 405 B.R. 626, 645 (Bankr. N.D. Ill. 2009), *aff'd sub nom*, ColeMichael Invs., LLC v. Burke, 436 B.R. 53 (N.D. Ill. 2010).

"What constitutes 'false pretenses' in the context of § 523(a)(2)(A) has been defined as 'implied misrepresentations or conduct intended to create and foster a false impression.'" Haeske v. Arlington (In re Arlington), 192 B.R. 494, 498 (Bankr. N.D. Ill. 1996). False pretenses do not necessarily require overt misrepresentations. Instead, omissions or a failure to disclose on the part of the debtor can constitute misrepresentations where the circumstances are such that omissions or failure to disclose create a false impression which is known by the debtor. Id. "As distinguished from false representation, which is an express misrepresentation[,] false pretense involves an implied misrepresentation or conduct intended to create and foster a false impression, . . . . and . . . [i]t is well recognized that silence, or the concealment of a material fact, can be the basis of a false impression which creates a misrepresentation actionable under § 523(a)(2)(A)[.]" Suntrust Bank v. Brandon (In re Brandon), 297 B.R. 308, 313 (Bankr. S.D. Ga. 2002) (quoting Minority Equity Capital Corp. v. Weinstein (In re Weinstein), 31 B.R. 804, 809 (Bankr. E.D.N.Y. 1983)).

5

In order to establish that a debt is nondischargeable under § 523(a)(2)(A) as a false pretense, a plaintiff must prove by a preponderance of the evidence that: "(1) the [defendant] made an omission or implied misrepresentation; (2) promoted knowingly and willingly by the defendant[ ]; (3) creating a contrived and misleading understanding of the transaction on the part of the plaintiff [ ]; (4) which wrongfully induced the plaintiff[ ] to advance money, property, or credit to the defendant." Tropicana Casino & Resort v. August (In re August), 448 B.R. 331, 350 (Bankr. E.D. Pa. 2011) (internal quote omitted).

Plaintiff alleges Defendant's debt should be deemed nondischargeable pursuant to section 523(a)(2)(A) because Defendant knowingly made statements that wrongfully induced Plaintiff's customers to advance money to Defendant. More specifically, Plaintiff alleges Defendant represented to customers that they were to pay her, and she would remit the payments to Plaintiff. Plaintiff contends Defendant never remitted the payments to Plaintiff. Plaintiff has alleged Defendant's conduct created and fostered a false impression that customers should direct payments to her, rather than Plaintiff. For example, Plaintiff alleges Defendant represented to a customer, Swift Logistics, that it was to pay her rather than Plaintiff, that the misrepresentation created a misleading understanding of the transaction, and Swift Logistics paid Defendant $551.82 on June 17, 2015 under false pretenses that she was accepting the payment on Plaintiff's behalf. Plaintiff alleges Defendant never submitted the funds to it. Plaintiff alleges Defendant received several other payments, in the amounts of $409.50, $409.50, $409.50, $461.10, $409.50, and $409.50, under false pretenses.

The allegations, taken as true, give rise to a claim for false pretenses under section 523(a)(2)(A). Because the Amended Complaint contains facts sufficient to allege actions by the

6

Defendant that would constitutes false pretenses, the Court concludes Plaintiff has stated a claim pursuant to section 523(a)(2)(A).

### b. Plaintiff has alleged facts to support a plausible claim under § 523(a)(4)

Plaintiff contends its debt is nondischargeable pursuant to section 523(a)(4) because Defendant was acting in a fiduciary capacity as an agent of Plaintiff and failed to remit payments she received to Plaintiff and Defendant wrongfully and with fraudulent intent took property from Plaintiff.

Section 523(a)(4) excludes from discharge debts obtained by fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. 11 U.S.C. § 523(a)(4). Fiduciary is narrowly construed under section 523(a)(4). "The Supreme Court has consistently held that the term 'fiduciary' is not to be construed expansively, but instead is intended to refer to 'technical' trusts.'" Quaif v. Johnson, 4 F.3d 950, 953 (11th Cir. 1993) (citing Davis v. Aetna Acceptance Co., 293 U.S. 328 (1934)); *see also* Commonwealth Land Title Co. v. Blaszak (In re Blaszak), 397 F.3d 386, 391 (6th Cir. 2005) (noting the term "fiduciary capacity" is construed more narrowly in the context of section 523(a)(4) than in other circumstances). A technical trust has been defined by the Eleventh Circuit as "an express trust created by statute or contract that imposes trust-like duties on the defendant and that pre-exists the alleged defalcation." Lewis v. Lowery (In re Lowery), 440 B.R. 914, 926 (Bankr. N.D. Ga. 2010). "Mere friendship does not meet this standard, nor does an ordinary business relationship." In re Ferland, Adv. No. 09-5101, 2010 Bankr. LEXIS 1892, *7 (Bankr. M.D. Ga. June 21, 2010) (citations omitted).

Section 523(a)(4) requires the debtor, acting as a fiduciary in accordance with an express or technical trust that existed prior to the wrongful act, committ an act of fraud or defalcation. Thus, under section 523(a)(4), the debtor must owe a fiduciary duty to his or her creditors that pre-

7

existed the act creating the debt.  Quaif, 4 F.3d at 954.  Additionally, the fiduciary duties must be specifically set forth so a trust relationship is expressly and clearly imposed.  Some cases have also found a separately identifiable *res* is essential to a trust.  Eavenson v. Ramey (In re Eavenson), 243 B.R. 160, 165 (N.D. Ga. 1999).

Plaintiff has not alleged facts to establish a fiduciary relationship with Defendant within the meaning of section 523(a)(4).  Plaintiff contends Defendant, a contract dispatcher, acted on Plaintiff's behalf as an agent of Plaintiff.  While the law does not require formal words to create a trust, there must be a clear intention to create a trust.  An ordinary business relationship does not qualify as a technical trust.  Plaintiff has not alleged Defendant was acting in a fiduciary capacity in accordance with an express or technical trust; it has failed to allege the agreement between it and Defendant established anything other than an ordinary business relationship.

While fraud or defalcation must occur in a fiduciary capacity, larceny and embezzlement do not have to occur while the debtor is acting in a fiduciary capacity to provide a basis for non-dischargeability under 11 U.S.C. § 523(a)(4).  Embezzlement and larceny are not defined in the Bankruptcy Code itself.  For the elements of both, this Court must look to federal common law. Bryant v. Lynch (In re Lynch), 315 B.R. 173, 179 (Bankr. D. Colo. 2004) (citations omitted).

Larceny is proved under section 523(a)(4) if the debtor has wrongfully and with fraudulent intent taken property from its owner.  Kaye v. Rose (In re Rose), 934 F.2d 901, 903 (7th Cir. 1991). First, larceny requires that the original taking of property be unlawful.  *See* Wilson Family Foods, Inc. v. Brown (In re Brown), 457 B.R. 919, 926 (Bankr. M.D. Ga. 2011) (citing 4 Collier on Bankruptcy ¶ 523.10[2] (16th ed. 2009)).  Second, larceny within the meaning of section 523(a)(4) requires intent.  A plaintiff must show that the defendant took property "with the intent to convert it or to permanently deprive the owner of it."  Burke v. Riddle (In re Riddle), No. 10-42735-PWB,

8

2011 Bankr. LEXIS 2226, 2011 WL 2461896, at *4 (Bankr. N.D. Ga. Apr. 6, 2011) (citing Bennett v. Wright (In re Wright), 282 B.R. 510, 516 (Bankr. M.D. Ga.2002)). Embezzlement is the fraudulent conversion of property by a person to whom such property has been entrusted or into whose hands it has lawfully come. *See* id. It differs from larceny in that the original taking of the property was lawful or with the consent of the owner. Embezzlement, like larceny, requires fraudulent intent. Id.

Plaintiff has alleged Defendant unlawfully and intentionally took sums owed to it. Plaintiff has also alleged Defendant was entrusted with funds owed to it but failed to remit them to it. Plaintiff alleges Defendant took payments from Plaintiff's customers after representing to the customers that it was to pay her, rather than Plaintiff. For example, Plaintiff alleges Defendant intentionally intercepted a payment on February 23, 2015 for $343.00 when she represented to the customer that it was to pay her, rather than Plaintiff, and she would remit the payment to Plaintiff.

The Amended Complaint includes facts sufficient to allege Defendant committed larceny or embezzlement when she wrongfully and with fraudulent intent took property from Plaintiff. Accordingly, Plaintiff has stated a claim for relief pursuant to section 523(a)(4).

### c. Plaintiff has not alleged facts to support a plausible claim under § 727(a)(2)(A)

Plaintiff contends Defendant should be denied a discharge pursuant to section 727(a)(2)(A) because she transferred assets with intent to hinder, delay, or defraud creditors.

Section 727(a)(2)(A) provides the court shall grant the debtor a discharge unless "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the debtor within one year before the date of the filing of the petition." 11 U.S.C. § 727(a)(2)(A).

To deny the debtor a discharge under this section, the plaintiff must allege the defendant acted with actual intent to hinder, defraud or delay. "Constructive fraud is insufficient to support a denial of discharge under this section." *See* Segel v. Letlow (In re Letlow), 385 B.R. 782, 795-6 (Bankr. N.D. Ga. 2007). However, because a debtor will rarely admit he actually intended to defraud a creditor, fraudulent intent may be established by circumstantial evidence or by inferences drawn from a course of conduct. Id.; *see also* In re Freudmann, 495 F.2d 816 (2d Cir.) (per curiam), *cert. denied*, 419 U.S. 841 (1974); Future Time, Inc. v. Yates, 26 B.R. 1006 (M.D. Ga.), *aff'd*, 712 F.2d 1417 (11th Cir. 1983) (mem.). The act must consist of transferring, removing, destroying or concealing any of the debtor's property, or permitting any of these acts to be done. Withdrawals from bank accounts meet the definition of transfer. *See* Bernard v. Sheaffer (In re Bernard), 96 F.3d 1279 (9th Cir. 1996).

According to the Amended Complaint, Defendant transferred assets to her husband with the intent to hinder, delay, or defraud creditors. Plaintiff has not identified any assets Defendant allegedly transferred and Plaintiff has not stated when such transfers occurred. Thus, Plaintiff has not identified a specific act Defendant did within a year of filing that would qualify under this section. Plaintiff has not alleged facts setting forth a basis to deny Defendant's discharge pursuant to section 727(a)(2)(A). Accordingly, the Amended Complaint will be dismissed to the extent Plaintiff seeks to deny Defendant a discharge pursuant to section 727(a)(2)(A).

### d. Plaintiff has alleged facts to support a plausible claim under § 727(a)(4)

Finally, Plaintiff contends Defendant should be denied a discharge because she knowingly and fraudulently made false oaths and accounts regarding her assets and liabilities and financial affairs.

Section 727(a)(4)(A) provides the court shall grant the debtor a discharge unless "the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account." 11 U.S.C. § 727(a)(4)(A). Because a debtor signs the petition and schedules under penalty of perjury, a false statement or omission of information from the debtor's petition is a false oath within the meaning of 11 U.S.C. § 727(a)(4)(A). Chalik v. Moorefield (In re Chalik), 748 F.2d 616 (11th Cir. 1984). The Eleventh Circuit has found in order to "justify denial of discharge under section 727(a)(4)(A), the false oath must be fraudulent and material." Swicegood v. Ginn, 924 F.2d 230, 232 (11th Cir. 1991). The subject matter of a false oath is material and warrants a denial of discharge if it is related to the debtor's business transactions, or if it concerns the discovery of assets, business dealings, or the existence or disposition of the debtor's property. Chalik, 748 F.2d at 618. Detriment to creditors need not be shown. Id. Furthermore, the debtor may not defend himself by claiming the assets omitted were worthless. Id. The materiality requirement can be met if the omission and misstatement affected the administration of the debtor's estate. Olympic Coast Inv. v. Wright (In re Wright), 364 B.R. 51, 74 (Bankr. D. Mont. 2007).

Mere failure to disclose, without more, is insufficient to deny a debtor's discharge. *See* In re Garcia, 88 B.R. 695, 705 (Bankr. E.D. Pa. 1988). In order to warrant denial of discharge, the plaintiff must also establish the debtor made the false oath both knowingly and fraudulently. "A false oath or account is 'knowingly' false if the debtor knew the information omitted from the schedules should have been included but, for whatever reason, was not." Segell v. Letlow (In re Letlow), 385 B.R. 782, 796 (Bankr. N.D. Ga. 2007) (citing Am. Express Travel Related Servs. v. Scott (In re Scott), Adv. No. 01-6117, 2004 Bankr. LEXIS 1830, *13 (Bankr. N.D. Ga. 2004)). "Accordingly, '[a]n inadvertent omission or an omission resulting from an honest but erroneous belief that the information need not be disclosed' does not constitute a knowingly false omission."

Id. To show a debtor's omission was fraudulent, the plaintiff must prove actual rather than constructive fraud. Id. at 795. Actual fraud may, however, be inferred from circumstantial evidence, course of conduct, or a series or pattern of errors or omissions. Parnes v. Parnes (In re Parnes), 200 B.R. 710, 713-14 (Bankr. N.D. Ga. 1996). A debtor coming forward of his or her own accord to correct an omission is strong evidence there was no fraudulent intent in the omission. Id. at 714.

Plaintiff alleges Defendant falsely represented her assets, liabilities, and financial affairs under oath when she failed to disclose information on her bankruptcy petition. More specifically, Plaintiff alleges Defendant failed to disclose a Regions Bank account on Schedule A/B, incorrectly stated she was not married on her Statement of Financial Affairs, failed to list motor vehicles including two Harley Davidsons on her schedules, and misstated her employment status on Schedule I. The Amended Complaint alleges Defendant intentionally omitted and misstated this information from her schedules. These statements were made on Debtor's petition and schedules, which were signed under penalty of perjury. Further, the subject matter of these statements concerns the potential discovery of assets, the existence or disposition of the Debtor's property, and the administration of the debtor's estate. Accordingly, the Court finds Plaintiff has alleged facts to support a plausible claim pursuant to section 727(a)(4).

## IV. Conclusion

For the reasons stated above, the Court finds Plaintiff has alleged facts to support a plausible claim for nondischargeability pursuant to sections 523(a)(2)(A) and 523(a)(4) and has alleged facts setting forth a basis to deny Defendant's discharge pursuant to section 727(a)(4). The Court finds, however, Plaintiff has not alleged facts sufficient to deny Defendant's discharge pursuant to section 727(a)(2)(A) or sufficient to find the debt nondischargeable arising from fraud

or defalcation as a fiduciary.  Accordingly,

**IT IS ORDERED** that the Motion is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** Plaintiff's claims pursuant to section 727(a)(2)(A) and pursuant to section 523(a)(4) as to a fiduciary are **DISMISSED.**

The Clerk's Office is directed to serve a copy of this Order upon the Plaintiff, Plaintiff's counsel, and Defendant.

**END OF DOCUMENT**